MARK D. LITVACK #183652
mark.litvack@pillsburylaw.com
MARIAH L. BRANDT #224076
mariah.brandt@pillsburylaw.com
JAMES CHANG #271864
james.chang@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone:  (213) 488-7100
Facsimile No.:  (213) 629-1033

Attorneys for Plaintiffs
AOL INC., CAMBIO ENTERTAINMENT, LLC,
and AOL PRODUCTIONS LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| AOL INC., CAMBIO ENTERTAINMENT, LLC, and AOL PRODUCTIONS LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> JOHNATHON S. WOODS and TWELVE 28 MEDIA LLC, <br><br> Defendants. | No. <br><br> COMPLAINT <br><br><br><br><br> DEMAND FOR JURY TRIAL |

Plaintiffs AOL Inc., Cambio Entertainment, LLC, and AOL Productions LLC, by counsel, set forth the following causes of action against Defendants Johnathon S. Woods ("Woods") and Twelve 28 Media LLC ("Twelve28") (collectively, "Defendants") and allege as follows:

### NATURE OF THE ACTION

1.      In a brazen act of duplicity and deceit, Woods carried out an audacious and fraudulent scheme to cheat more than $1 million from AOL over a two-year period.  In his position as AOL's Director of Studio

602327111v8                              - 1 -                      COMPLAINT
                                                                    Case No.

Technology, Woods caused AOL to enter into multiple contracts with Twelve28 -- a dummy company with direct ties to Woods and apparently actually secretly owned and controlled by Woods -- for services and products, the majority of which had no meaningful value. AOL did not receive the benefit of the contracted-for services, and to the extent that any work was performed by Twelve28, it was work already within Woods' own job description. In effect, Woods outsourced his own job responsibilities to Twelve28, and then was paid twice by AOL for that work: once by his salary and once by payments to Twelve28. Further, to the extent AOL received any products sold to it by Twelve28, these products were deceptively sold at an excessive price. Defendants were able to accomplish this scheme through Woods' manipulation of AOL's procurement process for his own benefit. AOL brings this action to recover damages suffered as a result of Defendants Woods' and Twelve28's continual pattern and practice of defrauding AOL.

**PARTIES**

2.      AOL Inc. is a Delaware corporation headquartered in New York, New York. AOL is a mass media corporation that develops, grows, and invests in brands and websites and provides email services, in all 50 states, including California. One of AOL Inc.'s key business operations is AOL Studios, which operates in New York City, New York and Beverly Hills, California.

3.      Cambio Entertainment, LLC ("Cambio") is a Delaware limited liability company headquartered in Beverly Hills, California. Cambio is a subsidiary of AOL Inc. that provides online up-to-the-minute entertainment news.

4.     AOL Productions LLC is a Delaware limited liability company headquartered in Beverly Hills, California.  AOL Productions LLC is a production company that is a subsidiary of AOL Inc.

5.     AOL Inc. (including its AOL Studios operations), Cambio, and AOL Productions LLC are collectively or singularly referred to herein, including above, as "AOL."

6.     Woods is a former employee of AOL who was hired on or about March 17, 2008.  AOL terminated Woods' employment for cause on or about July 23, 2014.  Woods is an individual residing in Manhattan Beach, California.

7.     Twelve28 is a Delaware corporation, with a registered office at 1521 Concord Pike, #301, Wilmington, DE 19803.  Twelve28 has listed its address as being in Los Angeles County and regularly engages in fraudulent business acts in the State of California, including in Los Angeles County.

**JURISDICTION AND VENUE**

8.     This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, as this case raises a federal question, and 18 U.S.C. § 1965.  Further, this Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367.

9.     This Court has personal jurisdiction over the parties because (1) Woods is, and at all relevant times has been, a resident of Los Angeles County, and (2) Twelve28, during times relevant to this action, resided, maintained a bank account and engaged in fraudulent acts in Los Angeles County, California.

10.    Venue lies in the Central District of California pursuant to 18 U.S.C. § 1965 because Defendants Woods and Twelve28 are subject to personal jurisdiction and reside and/or transact their affairs in this judicial

1  district.  Venue also lies in this judicial district pursuant to 28 U.S.C. §

2  1391(b)(2) because a substantial part of the events giving rise to the claims in

3  this action occurred in this judicial district.

## FACTUAL ALLEGATIONS

### Woods' Employment at AOL

6  11.   AOL hired Woods as a Senior System Administrator on March

7  17, 2008.  On July 20, 2012, AOL transferred Woods to Video/AOL Studio

8  and eventually made him Director of Studio Technology.

9  12.   Prior to his termination, Woods worked at AOL's offices located

10  at 331 N. Maple Dr., Beverly Hills, California.

11  13.   At all times relevant to this action, AOL's Standards of Business

12  Conduct ("AOL's SBC") required the following:

> a.  "Employees are expected to act in the best interests of AOL and avoid situations that create an actual or potential conflict of interest. An actual conflict of interest arises when a personal or family interest interferes with our ability to make sound, objective decisions on behalf of our Company."  AOL's SBC p. 13.

> b.  "A conflict can also arise if you have a financial interest in a business partner or competitor of AOL.  A financial interest might include an investment in a business partner/competitor company." AOL's SBC p. 16.

> c.  "If you wish to work for a business partner or competitor, you must first have the written approval of your supervisor and Business Conduct & Compliance."  AOL's SBC p. 17.

> d.  "[I]t is not appropriate to hire or seek to influence inappropriately another employee to hire a relative or member of your household." AOL's SBC p. 18.

14.   Woods completed annual training on AOL's SBC every year from 2008 to 2012.

### Woods Creates Dummy Company Twelve28

15.   On information and belief, Woods setup Twelve28 on or about October 20, 2010.  On information and belief, Woods has an ownership and financial interest in Twelve28.

16.    Various addresses listed for Twelve28 are addresses also associated with Woods.

17.    A Dun and Bradstreet report lists the address for Twelve28 as 3427 Mentone Ave., Los Angeles, California, which is an address associated with Woods.

18.    Twelve28 listed its address on a December 2012 contract with AOL as 1347 23rd Street, Santa Monica, California 90404, which is an address associated with Woods.

19.    Twelve28 filed a W-9 form with AOL that lists the company's address as 2543 71st Street, Chicago, Illinois, which is the address of Woods' mother Jacqueline Woods.

20.    Twelve28 has a rudimentary website, www.1228media.com, which has little or any functionality common in a business website.  The www.1228media.com website, which was registered with Go Daddy on or about November 16, 2012, does not include a list of specific services or clients, a list of employees, or a physical address.

21.    On information and belief, Woods furthered his fraudulent scheme by using the @1228media.com domain name to send e-mails to AOL from fictitious persons, to thereby create the impression that Twelve28 was a legitimate business.

**Woods' Scheme with Twelve28 to Defraud AOL**

22.    On or around July 6, 2012, Defendants Woods and Twelve28 conspired to and entered into a scheme to defraud AOL by causing it to purchase and/or contract for unneeded services and products.

23.    Defendant Woods and Twelve28 conspired with Does 1-5, as yet to be determined, to carry out this fraudulent scheme.

24. As an employee of AOL, Woods misrepresented to AOL that it had needs for certain services and products (collectively, "Unnecessary Services"), and that AOL should contract with a third-party vendor for such services and products.

25. At the time Woods made these misrepresentations, he knew they were untrue.

26. Woods intended to deceive AOL when he made these misrepresentations regarding AOL's alleged need for the Unnecessary Services.

27. Woods intended that AOL would rely on his misrepresentations because as an employee of AOL it was within his duties to determine what needs AOL had related to certain services and products.

28. AOL reasonably relied on Woods' misrepresentations that he made in the course of his employment duties regarding AOL's alleged need for the Unnecessary Services.

29. Woods, in his role as an employee at AOL, directed AOL to engage and/or contract with Twelve28 as a third-party vendor to provide AOL with the Unnecessary Services.

**Defendants Fraudulently Induce AOL to Contract with Twelve28**

30. Defendants Woods and Twelve28 conspired to and did fraudulently induce AOL to enter into multiple contracts with Twelve28.

a. On or about December 12, 2012, Twelve28 entered into a fraudulent contract with AOL for support services related to Xsan Server, Mac OS X, Final Cut, Creative Software, helpdesk, and network.

b. On or about June 11, 2013, Twelve28 entered into a fraudulent contract with AOL for support services related to San

- 6 -

Servers, Mac OS X, Final Cut, Creative Software, helpdesk, and network.

       c.     On or about June 12, 2013, Twelve28 entered into a fraudulent contract with AOL for support services related to Xsan Server, Mac OS X, Final Cut, Creative Software, helpdesk, and network.

       d.     On or about August 2, 2013, Twelve28 entered into a fraudulent contract with AOL for support services related to San Servers, Mac OS X, Final Cut, Creative Software, helpdesk, and network.

       e.     On or about November 14, 2013, Twelve28 entered into a fraudulent contract with AOL for support services related to San Servers, Mac OS X, Final Cut, Creative Software, helpdesk, and network.

       f.     On or about January 5, 2014, Twelve28 entered into a fraudulent contract with AOL for hardware devices.

       g.     On or about March 25, 2014, Twelve28 entered into a fraudulent contract with AOL for hardware devices.

       h.     On or about May 14, 2014, Twelve28 entered into a fraudulent contract with AOL for support services related to San Servers, Mac OS X, Final Cut, Creative Software, helpdesk, and network.

31.    At the time AOL engaged or contracted with Twelve28, Defendants Woods and Twelve28 knew that AOL had no need for the Unnecessary Services.

32.     Further, despite representing to AOL that Twelve28 would provide AOL with the Unnecessary Services, Defendants Woods and Twelve28 never intended to do so for the most part.

33.     To the extent Twelve28 provided any Unnecessary Services to AOL, AOL had no need for them, as they fell within Woods' job requirements.  Through this scheme, Woods was paid twice to perform his duties at AOL: (i) once through his salary, and (ii) again when he outsourced his responsibilities to Twelve28.

34.     To the extent that Twelve28 performed any Unnecessary Services that went beyond Woods' job description, they were done so by his unidentified co-conspirators or by third-party vendors Twelve28 hired.  On information and belief, Woods bypassed AOL's procedures for vetting and badging contractors and vendors in furtherance of his fraudulent scheme.

35.     To the extent Twelve28 provided AOL with any products, they were sold to AOL at above-market prices and without competitive bidding.

36.     Defendants Woods and Twelve28 made misrepresentations to AOL regarding AOL's alleged need for the Unnecessary Services, as well as Twelve28's intent and/or ability to provide such services, with the intention to deceive AOL and induce it into engaging and/or contracting with Twelve28 for such services.

37.      AOL had no reason to suspect that Woods had a financial interest in Twelve28.  In fact, Woods had an obligation under AOL's SBC to notify AOL of any conflict of interest, which expressly includes having a financial interest in any business partner of AOL.  Woods failed to disclose this conflict of interest, and in fact actively concealed any relationship between him and Twelve28.

1      38.    AOL justifiably relied on Defendants Twelve28's and Woods'

2  misrepresentations that AOL had a need for the Unnecessary Services and that

3  Twelve28 would provide AOL with the Unnecessary Services for which it

4  engaged and/or contracted with Twelve28.  In reliance on these

5  misrepresentations, AOL engaged and/or contracted with Twelve28 for the

6  Unnecessary Services.

7  **Fraudulent Invoices**

8      39.    As part of this fraudulent scheme, and related to the conduct

9  discussed above, from July 2012 to July 2014, Defendants conspired to and

10  did issue a continuous set of false invoices from Twelve28 to AOL for the

11  Unnecessary Services, each of which were electronically delivered to AOL.

12      a.    On July 6, 2012, Twelve28 issued an invoice (Invoice

13  Number 7061214408), via email, for "Cambio move (Server

14  room/reroute)" to AOL's employee, Michael Troxell, in the amount of

15  $14,408.00.

16      b.    On August 1, 2012, Twelve28 issued an invoice (Invoice

17  Number 1505), via email, for "Cambio monthly support (Production

18  XSan systems)" to AOL's employee, Jenn McClung, in the amount of

19  $4,666.66.

20      c.    On September 1, 2012, Twelve28 issued an invoice

21  (Invoice Number 1505), via email, for "Cambio monthly support

22  (Production XSan systems)" to AOL's employee, Jenn McClung, in the

23  amount of $4,666.66.

24      d.    On October 1, 2012, Twelve28 issued an invoice (Invoice

25  Number 1510), via email, for "Cambio monthly support (Production

26  XSan systems)" to AOL's employee, Jenn McClung, in the amount of

27  $4,666.66.

28

e.      On November 1, 2012, Twelve28 issued an invoice (Invoice Number 1590), via email, for "Cambio monthly support (Production XSan systems)" to AOL's employee, Jenn McClung, in the amount of $4,666.66.

f.      On December 1, 2012, Twelve28 issued an invoice (Invoice Number 1599), via email, for "Cambio monthly support (Production XSan systems)" to AOL's employee, Jenn McClung, in the amount of $4,666.66.

g.      On December 9, 2012, Twelve28 issued an invoice (Invoice Number 102), via email, for "Cambio 6 month support (Remote support San management)" to AOL in the amount of $30,000.00.

h.      On June 1, 2013, Twelve28 issued an invoice (Invoice Number 1520), via email, for "aol ny (support)" to AOL's then employee, Woods, in the amount of $85,000.00.

i.      On July 8, 2013, Twelve28 issued an invoice (Invoice Number 1701), via email, for "Cambio three month support (Production XSan systems)" to AOL's employee, Jenn Pearson, in the amount of $15,000.00.

j.      On August 6, 2013, Twelve28 issued an invoice (Invoice Number 1524), via email, for "AOL LA (support)" to AOL's then employee, Woods, in the amount of $105,000.00.

k.      On November 14, 2013, Twelve28 issued an invoice (Invoice Number 1525), via email, for "AOL NY (support)" to AOL's then employee, Woods, in the amount of $105,000.00.

l.      On January 5, 2014, Twelve28 issued an invoice (Invoice Number 22083), via email, for "Controller upgrade" to AOL's

employee, Gabriel Lewis, and AOL's then employee, Woods, in the amount of $150,000.00.

m.  On January 5, 2014, Twelve28 issued an invoice (Invoice Number 22084), via email, for "Controller upgrade" to AOL's employee, Gabriel Lewis, and AOL's then employee, Woods, in the amount of $150,000.00.

n.  On March 24, 2014, Twelve28 issued an invoice (Invoice Number 16787), via email, for hardware systems to AOL, in the amount of $250,000.00.

o.  On May 15, 2014, Twelve28 issued an invoice (Invoice Number 1530), via email, for "AOL LA (support)" to AOL's then employee, Woods, in the amount of $105,000.

40.  For ease of reference, below is a summary of the fraudulent Twelve28 invoices sent by the Defendants, all of which AOL paid in full:

|  | Description of Services/Products | Amount Invoiced & Paid |
|---|---|---|
| 1. | Cambio move (Server room/reroute) | $ 14,408.00 |
| 2. | Cambio monthly support (Production XSan systems) | $ 4,666.66 |
| 3. | Cambio monthly support (Production XSan systems) | $ 4,666.66 |
| 4. | Cambio monthly support (Production XSan systems) | $ 4,666.66 |
| 5. | Cambio monthly support (Production XSan systems) | $ 4,666.66 |
| 6. | Cambio monthly support (Production XSan systems) | $ 4,666.66 |
| 7. | Cambio 6 month support (Remote support San management) | $ 30,000.00 |
| 8. | aol ny (support) | $ 85,000.00 |
| 9. | Cambio three month support (Production XSan systems) | $ 15,000.00 |
| 10. | AOL LA (support) | $ 105,000.00 |
| 11. | AOL NY (support) | $ 105,000.00 |
| 12. | Controller upgrade | $ 150,000.00 |

|  | | Description of Services/Products | Amount Invoiced & Paid |
|---|---|---|---|
|  | 13. | Controller upgrade | $ 150,000.00 |
|  | 14. | Hardware systems | $ 250,000.00 |
|  | 15. | AOL LA (support) | $ 105,000.00 |
|  |  | **Grand Total** | **$1,032,741.30** |

41.     Defendants Woods and Twelve28 knowingly and willfully intended to defraud AOL.  Defendants knowingly and willfully sent fraudulent invoices to AOL for work that was never performed and/or needed. Defendants intended for AOL to rely on Defendants' false invoices as accurate and correct invoices for services and/or products, and for AOL to pay those invoices.

42.     AOL justifiably believed that each invoice referenced above was a legitimate invoice for services and/or products Twelve28 provided to AOL. Based on this, AOL paid all of the above referenced invoices in full via electronic funds transfer.

43.     It was reasonably foreseeable that interstate wires would be used in the performance of this fraud.  Defendants planned to communicate the invoices and requests for services by email so as to mask Woods' involvement in the scheme.  Further, Defendants Woods and Twelve28 requested that AOL pay Twelve28 via electronic funds transfer, which AOL did.

44.     Interstate wires were used to further the Defendants' scheme. Defendants emailed their invoices to AOL.  Woods submitted false service requests to Twelve28 by email, and Twelve28 submitted false invoices to AOL.  Additionally, each invoice caused AOL to wire transfer money from its New York bank account to Twelve28's California bank account.

45.    AOL has been harmed by Defendants' activities.  AOL was defrauded into paying above-market rates for services and products that it never received and/or did not require.  AOL paid Defendants' invoices on the belief that it had actually received the services and products described in the invoices, that they were priced at market rates, and that they were needed. Were it not for these fraudulent invoices, AOL would not have transferred $1,032,741.30 to Twelve28.  AOL relied on the veracity of Defendants' statements and actions to its detriment.

46.    Twelve28 continued to issue fraudulent invoices until Woods was made aware of the fact that AOL was investigating him and Twelve28's invoices.

47.    AOL was alerted to Defendants' fraudulent scheme by an identified AOL employee ("Employee #1") engaged in a shared services corporate role for AOL.  Employee #1 became suspicious of Woods after he continually urged AOL's accounting department to ensure that Twelve28's invoices were paid as quickly as possible.  This caused Employee #1 to research Twelve28's website.  When Employee #1 found Twelve28's website was rudimentary and only provided surface information about the company, Employee #1's suspicions were further aroused.  Employee #1 reported Woods to AOL.

48.    In turn, AOL investigated the matter raised by Employee #1, including interviewing Woods.  As a result, AOL uncovered the fraudulent scheme discussed above and terminated Woods.

49.    After AOL interviewed Woods regarding Twelve28, but before his termination, Woods requested the cancellation of the latest Twelve28 invoice, which was about to be paid.

50.     After AOL terminated Woods for the fraudulent scheme he perpetrated on AOL, Woods absconded with AOL's computers and related equipment.  Woods has refused to return this equipment despite AOL's requests that he do so.

**CAUSES OF ACTION**

**<u>CAUSE OF ACTION I</u>**

<u>(Racketeer Influenced and Corrupt Organizations)</u>

(Against Defendant Woods)

51.     Paragraphs 1-50 are hereby incorporated by reference as if fully set forth herein.

52.     Twelve28 is an enterprise engaged in, and whose activities affect, interstate commerce.  Woods owns or is associated with the enterprise. Woods operated and/or managed the enterprise.

53.     Woods agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding AOL.  Specifically, Woods willfully directed Twelve28 to fraudulently induce AOL to engage and contract with Twelve28 for Unnecessary Services and to issue fraudulent invoices to AOL for Unnecessary Services that were never performed, not needed, and/or sold at above-market prices.

54.     Pursuant to and in furtherance of his fraudulent scheme, Defendants Woods Twelve28 and potentially other presently unknown persons committed multiple related acts of wire fraud under 18 U.S.C. § 1343.

55.     Woods' acts of (1) fraudulently inducing AOL on multiple occasions to engage and contract with Twelve28 for Unnecessary Services that AOL never received,  never needed, and/or were sold at above-market prices and (2) issuing 15 invoices electronically to AOL over a 22-month period for

services and products that were either never performed, never delivered, were not needed, and/or sold at above-market prices — both of which caused AOL to wire transfer money to Twelve28 as payment on the invoices — constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5). Woods engaged in an open-ended and continuing scheme to defraud AOL that was only stopped when AOL detected the fraudulent activity.

56. Woods has directly and indirectly conducted and participated in the conduct of the enterprise's (Twelve28) affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962(c).

57. As a direct and proximate result of Woods' racketeering activities and violations of 18 U.S.C. § 1962(c), AOL has been injured in its business and property in that it has paid Twelve28 at least $1,032,741.30 on invoices for products and services AOL never received and/or did not need. But for Woods' fraud, AOL would not have been injured, and this injury was foreseeable by Woods because he intended for AOL to pay the fraudulent invoices.

## CAUSE OF ACTION II

### (Racketeer Influenced and Corrupt Organizations Conspiracy)

(Against Defendant Woods)

58. Paragraphs 1-57 are hereby incorporated by reference as if fully set forth herein.

59. Woods agreed and conspired to violate 18 U.S.C. § 1962(c). Specifically Woods conspired with others, yet to be fully determined, to direct AOL into engaging in business with Twelve28 and to have Twelve28 issue fraudulent invoices to AOL.

60. Woods intentionally conspired and agreed to directly and indirectly conduct and participate in the affairs of Twelve28 through a pattern

1   of racketeering activity, including committing multiple related acts of wire

2   fraud under 18 U.S.C. § 1343.  Woods knew that the predicate acts were part

3   of an open-ended and continuous pattern of racketeering activity and agreed to

4   the commission of those acts to further the schemes described above.  That

5   conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(c), in violation of

6   18 U.S.C. § 1962(d).

7        61.    As a direct and proximate result of Woods' conspiracy, the overt

8   acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. §

9   1962(d) and 18 U.S.C. § 1343, AOL has been injured in its business and

10  property by being  defrauded of at least $1,032,741.30.

## CAUSE OF ACTION III

### (Conspiracy)

(Against Defendants Woods and Twelve28)

14       62.    Paragraphs 1-61 are hereby incorporated by reference as if fully

15  set forth herein.

16       63.    As detailed in this Complaint, Defendants were aware of each

17  other's plans and agreed to defraud AOL and wrongfully convert its property.

18       64.    Defendants agreed with each other and intended to defraud AOL

19  and wrongfully convert its property.

## CAUSE OF ACTION IV

### (Fraud)

(Against Defendants Woods and Twelve28)

23       65.    Paragraphs 1-64 are hereby incorporated by reference as if fully

24  set forth herein.

25       66.    As detailed in this Complaint, Defendants knowingly made false

26  representations and material omissions that they  intended to deceive AOL

27  and/or induce its reliance with, and as a result AOL justifiably relied on

28

Defendants' representations and was damaged.  Defendants knowingly misrepresented to AOL that it needed the Unnecessary Services with the intent of inducing AOL to engage and contract with Twelve28 for such services. Further, Defendants failed to disclose the material fact that Defendant Woods had a financial interest in Twelve28.  AOL justifiably relied on the misrepresentations and omissions of its employee Woods and Twelve28, and engaged and contracted with Twelve28 for the Unnecessary Services.  As part of this scheme, and in connection with the engagements and contracts, Defendants knowingly submitted false invoices intended to deceive and/or induce reliance by AOL.  AOL justifiably relied on Defendants' false invoices and was damaged by paying the false invoices in full.  Defendants' acts constitute fraud.

67.    AOL is entitled to damages according to law and exemplary damages in accordance with California Civil Code § 3294.

## CAUSE OF ACTION V

### (Fraudulent Inducement Into Contract)

(Against Defendants Woods and Twelve28)

68.    Paragraphs 1-67 are hereby incorporated by reference as if fully set forth herein.

69.    As detailed in this Complaint, Defendants knowingly made false representations and omitted material facts that they intended to deceive AOL and/or induce its reliance with and as a result AOL justifiably relied on Defendants' representations and was damaged.  Defendants knowingly misrepresented to AOL that it needed the Unnecessary Services with the intent of inducing AOL to engage and contract with Twelve28 for such services. Further, Defendants failed to disclose the material fact that Defendant Woods had a financial interest in Twelve28.  AOL justifiably relied on the

misrepresentations and omissions of its employee Woods and Twelve28, and engaged and contracted with Twelve28 for the Unnecessary Services.  As part of this scheme, and in connection with the engagements and contracts, Defendants knowingly submitted false invoices intended to deceive and/or induce reliance by AOL.  AOL justifiably relied on Defendants' false invoices and was damaged by paying the false invoices in full.  Defendants' acts constitute fraudulent inducement into the contracts under the laws of California, including but not limited to California Civil Code § 1572.

70.     AOL is entitled to statutory damages in accordance with California Civil Code § 3343 and exemplary damages in accordance with California Civil Code § 3294.

## CAUSE OF ACTION VI

### (Common Law Conversion)

(Against Defendants Woods and Twelve28)

71.     Paragraphs 1-70 are hereby incorporated by reference as if fully set forth herein.

72.     As detailed in this Complaint, AOL has a right to possess $1,032,741.30 from the false invoices. Defendants intentionally and substantially interfered with AOL's property by taking possession of it and refusing to return it after AOL demanded its return.  AOL did not consent to Defendants retaining AOL's property.  AOL has been harmed, and Defendants' conduct was a substantial factor in causing AOL's harm. Defendants' acts constitute common law conversion.

73.     AOL is entitled to damages according to law and exemplary damages in accordance with California Civil Code § 3294.

**CAUSE OF ACTION VII**

(Statutory Conversion)

(Against Defendants Woods and Twelve28)

74.     Paragraphs 1-73 are hereby incorporated by reference as if fully set forth herein.

75.     As detailed in this Complaint, AOL has a right to possess $1,032,741.30 from the false invoices. Defendants intentionally and substantially interfered with AOL's property by taking possession of it and refusing to return it after AOL demanded its return.  AOL did not consent to Defendants retaining AOL's property.  AOL has been harmed, and Defendants' conduct was a substantial factor in causing AOL's harm. Defendants' acts constitute conversion under California Civil Code § 1712.

76.     AOL is entitled to statutory damages, including pre-judgment interest, in accordance with California Civil Code § 3336.

**CAUSE OF ACTION VIII**

(Common Law Conversion)

(Against Defendant Woods)

77.     Paragraphs 1-76 are hereby incorporated by reference as if fully set forth herein.

78.     As detailed in this Complaint, AOL has a right to possess certain items of computer equipment issued to Woods during his employment. Woods intentionally and substantially interfered with AOL's property by taking possession of it and refusing to return it after AOL demanded its return.  AOL did not consent to Woods retaining AOL's property.  AOL has been harmed, and Woods' conduct was a substantial factor in causing AOL's harm.  Woods' acts constitute common law conversion.

79.     AOL is entitled to damages according to law and exemplary

damages in accordance with California Civil Code § 3294.

### CAUSE OF ACTION IX

#### (Statutory Conversion)

(Against Defendant Woods)

80.     Paragraphs 1-79 are hereby incorporated by reference as if fully

set forth herein.

81.     As detailed in this Complaint, AOL has a right to possess certain

items of computer equipment.  Woods intentionally and substantially

interfered with AOL's property by taking possession of it and refusing to

return it after AOL demanded its return.  AOL did not consent to Woods

retaining AOL's property.  AOL has been harmed, and Woods' conduct was a

substantial factor in causing AOL's harm.  Woods' acts constitute conversion

under California Civil Code § 1712.

82.     AOL is entitled to statutory damages, including pre-judgment

interest, in accordance with California Civil Code § 3336.

### Prayer for Relief

WHEREFORE, AOL prays for judgment against Defendants as follows:

1.     Actual, compensatory, statutory, and exemplary damages in favor

of AOL against Defendants for damages under the common law and statutory

claims alleged herein;

2.     For costs and disbursements incurred in connection with this

action, including reasonable attorney fees and costs; and

3.     For such other and further relief as the Court deems just and

proper.

- 20 -

1

Dated:  August 1, 2014.

2
3                                          PILLSBURY WINTHROP SHAW
                                           PITTMAN LLP
4                                          MARK D. LITVACK
                                           MARIAH L BRANDT
5                                          JAMES CHANG

6
7                                          By  /s/ Mark D. Litvack
                                               Mark D. Litvack
8                                              Attorneys for Plaintiffs
                                           AOL INC., CAMBIO ENTERTAINMENT,
9                                          LLC, and AOL PRODUCTIONS LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

602327111v8                           - 21 -                      COMPLAINT
                                                                   Case No

1

## DEMAND FOR JURY TRIAL

2

   Plaintiffs AOL Inc., Cambio Entertainment, LLC, and AOL Productions

3

LLC demand a trial by jury on all issues so triable.

4

Dated:  August 1, 2014.

5

                              PILLSBURY WINTHROP SHAW
6                             PITTMAN LLP
                              MARK D. LITVACK
7                             MARIAH L BRANDT
                              JAMES CHANG
8

9

                              By  /s/ Mark D. Litvack
10                                    Mark D. Litvack
                                   Attorneys for Plaintiffs
11                            AOL INC., CAMBIO ENTERTAINMENT,
                              LLC, and AOL PRODUCTIONS LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28